Irving A. Green, J.
A proceeding pursuant to SOPA 2113, to establish devolution of a parcel of real property situate in Orange County, of which a resident of Bronx County died seized, has been brought in this court. The petition contains no allegation respecting the administration of the decedent’s estate in the Bronx County or any Surrogate’s Court. Following service of process in the proceeding, a motion is now made on behalf of an administratrix of this decedent’s estate, whose letters were issued by the Surrogate’s Court of Bronx County on July 26, 1968, and on behalf of other persons interested in such estate, that this court decline to entertain the petition on the ground that the Surrogate’s Court of Bronx County has full jurisdiction of this estate and has exercised such jurisdiction prior to the commencement of this proceeding.
While the argument of the moving party is persuasive, the imperative language of SCPA 2113 constrains this court to *314 deny the motion. SOPA 2113 confers the right upon a distributee or any person deriving title to real property from or through a distributee, to bring this proceeding in either of two Surrogate’s Courts, viz.: the court which has jurisdiction of the estate or the court where the real property is situated. The statute, in mandatory language, then provides that process “ must ” issue accordingly. Upon the return of the process, the statute again mandates that the court “ must ” hear the allegations and proofs of the parties and determine the issues raised. Finally, the statute directs that the decree determining the issues shall be recorded in the county where the real property is situated, which, in this instance, is Orange County. Consideration of the content and language of this statute per: suades this court that the proceeding properly is within the jurisdiction of this court which “ must ” determine the issues raised therein.
Accordingly, the motion is denied.